The next case on the docket is 5-13-242 Henry Raven Securities, Inc. Counselor, ready to proceed. My name is Don Craven on behalf of the proposed intervening appellate, the New York Democrats. The issue presented to the trial court and the issue to be addressed by this court is whether intervention is appropriate for the limited purpose of enforcing a public law, including, as in previous cases, access to proceedings, access to records, the usual First Amendment activities, which generally provide a check on the activities of judges and litigants. In this case, we're dealing with the activities of judges and litigants as they relate to the publishing of notices required by the statute, which notices are required to be published in the municipality where the real estate subject to the tax proceeding is located. The publication of notices was an issue in the Supreme Court with Garcia v. Tully, and the Supreme Court described the principles underlying publication of notices as follows. The very purpose of requiring the publication of official notices is to inform the public concerning proceedings of a public nature for their general welfare. It appears reasonable to require such notices to be published in newspapers having a fixed and permanent domicile and a substantial circulation in the city or place where the inhabitants live who are most vitally interested in the transaction respecting which notices are required. At least it is not unreasonable to expect the citizens of a particular community to of their own local officers and the affairs of local public importance. The public notice provisions in this case do not substantially differ from the access issues which were in play in Jessup v. Luther, in which the Seventh Circuit reversed a denial of intervention in People v. Ladd, in which the Seventh Circuit reversed a denial of request to intervene, and in the Carbondale case, which this Court decided back in the early 90s, involving access to records in a court-filed settlement agreement. In addition to the traditional First Amendment public notice issues, right of access issues, newspapers under the Illinois statutes have a role in the publication of these notices. The code requires in Chapter 715 that newspapers issue a certificate of publication. That certificate of publication has to include the dates of publication. The place of publication has to be signed and verified by the publisher. The statute is very specific about what that certificate of publication must say. In addition, the newspaper has to verify that it is, in fact, a newspaper, as set forth in the statutes. As the Seventh Circuit has said, intervention in these instances, when a newspaper is providing a check on judges and litigants, doesn't fit precisely the intervention statute. It doesn't fit the Illinois statute. It doesn't fit the federal rules. We don't have an interest, we the newspaper, don't have an interest in the underlying tax proceeding. We don't have an interest. We didn't have an interest in the employment disagreements between the professor and Lakeland College. In the Chesapeake's, we didn't have an interest in the criminal prosecution underlying people versus lab. We weren't part of it. We didn't have a dog, I hate to sound like Mr. Key, but we didn't have a dog in that fight. But both the Seventh Circuit and, in Illinois, this court in Carbondale, have allowed intervention because intervention serves, intervention for a limited purpose, serves the purposes contemplated by the rule and serves the purpose contemplated by those First Amendment principles. Intervention is, in the view of most courts, preferable to mandamus, simply to keep litigation against judges to a minimum, which is a good thing. Intervention in this case, an early determination of the notice provisions at issue, of the notice by publication issue, would lend finality to the tax deed process. The tax deed process, as it sits now with what we say is improper publication, lends that entire process to challenge. I invite the court- But not by your paper. Not without leave to intervene. And you would never have a right but for an intervention to pursue a claim related to a tax deed and notice, correct? Without intervention, that's correct. Isn't the elephant in the room, you know, the economic gain that the paper has? No. There are, we candidly talked about that some of the notices that are at issue in this case would be, under the statute, be placed in the News Democrat. Some of the notices could not be placed in the News Democrat. The News Democrat is published in Belvin. You only get one place of publication. The News Democrat is published in Belvin. Some of these parcels are in other communities in which other newspapers are published so that the News Democrat wouldn't get those notices. Couldn't, under the statute, can't get those notices because those notices have to be placed. I'm going to use Lebanon as an example. Some of these, I believe some of these parcels are in Lebanon. If they are located in Lebanon, there is a newspaper in Lebanon. It is published in Lebanon. It has been since 1880-something. Those notices have to be published. But you're not talking about the ones that you would hope that would be required to be published in the Belvin News Democrat. It's not that I, it's not that the News Democrat hopes that they would be published in the News Democrat. It is that the law requires that they be published in the News Democrat. Under the statute, they have to be, the notices have to be published in the municipality where the parcel is located. The definition of published in, from Garcia and going back to People v. Reed in 1912, a newspaper is published where it is first made available to the people. The published has to be in that county. And in this case, in that municipality, some newspapers, some publishers, probate notices have to be published in a newspaper published in the county. These notices have to be published in the municipality where the parcel is located. That's what the General Assembly directed. Not just in the county, in the municipality where the parcel is located. And absent that publication, and absent a valid certificate of publication from the publisher, according to the third district in the McDonough County case. But what is your interest? That's what I'm, I mean, it has to be under Bishop. It has to be something that's greater than just the general public. Our interest is twofold. One, as the Supreme Court has sometimes called it, it's the watchdog interest. We are watching litigants and judges to make sure that the system runs the way it's supposed to run. Do we have an interest, a slight interest in some of those notices? Yes. But do we have them all? No. But the primary, the primary interest is in the watchdog interest and in protecting the system of public notices as established by the General Assembly. Under, under this theory, all notices in St. Clair County, Madison County, could be published in the news, in the, in the Post-Dispatch. But what, what gives you a greater ability to, to intervene and help the court determine that, that legal definition of the statute? Because of our role in, because of our role in, within the statute itself, we, we, the newspaper, have to publish the notice according, according to the law. We have to certify to the court that it's been done according to the law. But that can all be brought out in a lawsuit by the parties, obviously, when, when there's discovery and depositions and the, the course of how these notices take place in the various newspapers is unfolded. Well, the first problem is, is that some of these parties only get notice by way of these newspaper publications. And if the newspaper, if the notice is published in St. Louis, and you live in Lebanon, and you don't get the Post-Dispatch, you never have notice. There's never, there's, there's never an adversary proceeding. Because the party who's in, who, who is, who is supposed to get the notice pursuant to the newspaper publication doesn't get the notice because it's not published where they, where they look at a newspaper. But it's circulated. That's what the argument is. I'm sorry? There is circulation. It might be greater in a Post-Dispatch versus a newspaper. Could be, there could be greater circulation. But the Supreme Court has also dealt with the, with, with, with a distinction between a newspaper of general circulation and where a newspaper is published. But isn't that the whole purpose of this suit that you're trying to intervene in? To show that they didn't get adequate notice? The purpose of, of our intervention is to show that the statute was, the publication statute was not compliant. And the requirements of publication were not complied with. We don't know if these people got notice or not. Because the publication, if it was to occur in a newspaper published in Lebanon, occurred in a newspaper published in St. Louis. Bad publication results in bad outcomes, not just for the parties, but it can result in bad outcomes for the public bodies involved. Andrews versus Foxworth. Bad publication means you can't collect the real estate taxes. People versus Jennings. Bad publication means that you can't collect the personal property taxes. The McDonough County collector case, 837 Northeast 2nd, 947. Bad publication results in the setting aside of a tax deed. The publication requirements are mandatory. The publication requirements are essential to providing, that's the mechanism the General Assembly established to provide the best, in their view, the best possible notice to these parties. There is no other mechanism for service outside personal service. The publication requirements have not been met, I think, admittedly have not been met in this case. Garcia talks about, without the published end requirement, public notices could all be in St. Louis and Chicago newspapers. How do we get to that point where we're looking at the law when you're appealing your right to intervene? The only issue, I agree with the Court, the only issue is the intervention issue. But as was the case in the two Seventh Circuit cases I mentioned, Ladd and Jessup, the underlying function of the underlying issue, the access issues, the public notice issues, the watchdog issues, lend credence to the intervention issue. They are legally separate issues. You have to, obviously, the trial court has to deal with the intervention issue before it can get to the issue of the merits. But the underlying watchdog issue, the underlying public notice issue, the underlying access issue is the purpose and is the focal point of the intervention issue. I would urge the Court to find that there is sufficient basis under the law in Illinois for a newspaper to serve the purpose of watching the activities of litigants and judges when it comes to providing public notice as required by statute and reverse the determination by the Court to deny the petition to intervene. In the absence of questions? No questions. Thank you, counsel. Thank you. May it please the Court? Great. My name is Al Moulson. I represent Raymond Security. I guess if you really think this is a First Amendment issue, then I guess they are a watchdog, but we know better than that. The trial court had an opportunity to judge from arguments and from the nature of this action that this is money, monopoly, manipulation of the court system. That's all it is. Thousands of cases are published in the Post-Dispatch for all types of legal notices in St. Clair County. I don't get the News Democrat. I get the Post-Dispatch. And I actually have an Illinois part of the paper also. The problem with all these other municipalities is a lot of them are weekly papers, bi-weekly, monthly. It's hard to publish in those. So I wouldn't say there's something wrong with the statute, but the bottom line is did they have a right to intervene? They admitted on page C-113 of the record that they only had a tangential interest. Tangential interest. That means they're off on a tangent. Their interest isn't directly related to the proceedings. They admitted that. Now they want to change it in front of you today and say all of a sudden they're a watchdog. I'm not buying that. This isn't trying to get a settlement agreement between the city of Carbondale that they settle a certain lawsuit. This isn't about the University of Illinois or Southern Illinois University with documents that should come out to the public because they have a right to know. This is about whether a notice was proper and a particular tax certificate petition. Absolutely has nothing to do with the First Amendment. Absolutely nothing. There's no reason to even argue about whether it's proper notice or not in this particular case because they didn't have a right to intervene. Under the statute, they do not qualify. Just because under Mr. Craven's argument, that would mean a newspaper could come up with some reason to intervene in any case it wanted to, whether it was a Madden Owl case, a personal injury case, a products liability case. Well, it's public interest in seeing whether or not somebody's doing something right or whether that product is dangerous to the public. I mean, under his argument, basically the newspaper has a right to intervene in every case it wants to. Now, allowing them to intervene does not simplify anything. It complicates everything. It could result, in this case, in two or three appeals. Instead of him waiting, which gets me to my next point, there was no 304A order in this case. There was no right to an immediate appeal. He has no right to even be in front of me today, in my opinion, because he has no standing. It's not right for appeal. There hasn't been final decisions made in this case. For all we know, the court could find that the notice was not proper and deny the petition for tax deed. But instead, we're up here now and, you know, he obviously spent a lot of time arguing about this public notice. Well, it's not an issue yet. There hasn't been a final order in the case regarding the issue of whether or not the notice was proper. So how can this court rule on something that isn't final? It can't. The only issue before you is whether you think the newspaper, under some theory that newspapers get to intervene in any case they want, has a right, in this case, to intervene. And then if they did have a right to intervene, do they have a right, do they have standing to appeal the denial of that intervention before there's been a final judgment or final order? I don't see how they get past either the first step or the second step. I think it's clear that they don't have a right to intervene. There's no doubt about this. It's about money. It's about the news. The, at Reagan Securities, I think, spent over $100,000 with the Post-Dispatch in 2012 on publications. $100,000. That's $100,000 the New Democrats didn't get. Why do you think they wanted to intervene? There's no first amount here. There's just none. So the bottom line is... None for Illinois, not Missouri, though. Pardon me? They would get money for Illinois and not for Missouri. Right. And as far as... I mean, and I put it out in my brief. Also, there's a requirement that the newspaper post the same notice on an Illinois website specifically for public notices. The internet. Quite frankly, the best notice these days is the internet. People check the internet. Even people of limited means have internet. They can go to libraries. They can check things on the internet. They're more likely to, if they're looking for something, to find it on the internet than they are a newspaper, which... I just happened to be at the Abbey Coffee Shop this morning. The Belt and Road Democrat was about four pages long. And that's a little exaggeration, but not much. And half of it was filled with legal notices. So we know where that's coming from. I mean, they basically make a lot of money on their legal notices, and that's why we're here. But they don't have any recognizable or direct interest in this case whatsoever. They don't own this property. They're not owed money by the person who has to pay their taxes. They don't rent this property. They have no interest whatsoever. Now, if they were renting this property from whoever wasn't paying their taxes, yeah. But I say they have a right to intervene, yeah, because they may lose their... They have a rental agreement or something. That may be a case where you'd let them intervene. But in this case, they have no right to intervene. I don't think there's any question about it. And even if they have a right to intervene, they don't have a right to be here in front of you right now because there was no 304A finding, and there's no other exception that would allow them to appear. So in essence, this court, it would be very simple to just say, well, there's two avenues. One, either that they didn't have a right to intervene in front of the circuit court, or the alternative, simply say that they lack standing to be here and because there hasn't been a final appeal to the court in this case. And then we could argue all day long about whether or not this notice is good notice. I personally think there's a problem with the statute that needs to be corrected. It's inadequate. I mean, it actually does say municipalities. And like I said, notice is really about, or publication is really about giving good notice. And this statute does not, it's inadequate. Because good notice in some potent paper that's published in town once a month isn't as good notice as something that's published three times in a paper that has a much larger circulation. I think this is a pretty easy case. They shouldn't be here. They shouldn't be. And if they want to try to do something, if they really want to do something for the public, go to the legislature and have them change the statute and do it that way. But at this point, all this is is a money grab for the New Democrat. And I think we can see it for what it is. Thank you. Thank you, counsel. Rebuttal. I think what we just heard was an admission that the publication of notice in this case didn't meet the statutory requirement. They don't like the statute. It's not for the trial court. It's not for this court to rewrite the notice by publication requirements as set out by the General Assembly. Mr. Craven, how do you get around the lack of a 304A finding? As we set out in the reply brief, the denial, 304B, I believe it's 304B1, provides and the estate of Mueller, it's either Mueller or Mueller depending on where you live, provides that the denial of petition to intervene, because it finally resolves the status of that party in the litigation, is appealable immediately. What about Trust v. Halas and the other cases that are cited? Village of Long Grove. I think the Mueller case is dispositive of the issue as to petition to intervene. If there's a final determination on a petition to intervene, the role of the party in that case is, with the denial of the petition, it's concluded. There's nothing else for us to do in that litigation. We're out. And I think that those cases, that case holds for that proposition. And I think this court has jurisdiction to determine what to do. In the Thorpe case, if we had to wait until the conclusion of the litigation, and then raise the issue of the denial of intervention, that's even more inefficient than this process. So I think the court does have jurisdiction. I think the court can determine the issue of intervention. A money monopoly manipulation. It's hard to publish in a weekly newspaper. All of those are criticisms of the structure set up by the general assembly. If Raven doesn't like the system, they can go to the general assembly and change it. It's not our job to do that. This is not a money monopoly manipulation. I don't know. I didn't know until now that Raven spent $100,000 on public notices. Where should those have been published? We don't know. How many of them would have been published in the News Democrat? We don't know. How many of them would have been published in the other community newspapers in the metro east area? We don't know that either. But what we do know, thanks to the admission, is that we now have all of these cases in St. Clair County where the tax buyer is admittedly not following the publication requirements. And that, your honors, is exactly what the News Democrat tried to point out to Judge Batman. That's a watchdog role. That is traditional newspaper work watching and observing and commenting upon the operation of the court system. Just as in intervening to be able to look at a court record that's been sealed. Just as it's to look at another document that's been sealed in a court record. That's what we wanted to point out to the court below. We wanted to point out to the court that Raven Securities is not publishing notice to Illinois citizens as required by law. And that is sufficient grounds for intervention. I thank the court for its time.